W. Paul Schuck, State Bar No. 203717
pschuck@bzbm.com
Sony B. Barari, State Bar No. 243379
sbarari@bzbm.com
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California  94111
Telephone:   (415) 956-1900
Facsimile:   (415) 956-1152

Timothy E. Grochocinski
(applying for admission *pro hac vice*)
teg@innovalaw.com
INNOVALAW, P.C.
15020 Ravinia Lane Suite 29
Orland Park, Illinois 60462
Telephone:   (708) 675-1975
Facsimile:   (708) 675-1786

Attorneys for Plaintiff
AUCTION ACCELERATION CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUCTION ACCELERATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> EBAY, INC. and VENDIO SERVICES, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **Jury Trial Demanded** |

Plaintiff Auction Acceleration Corp. ("AAC") files this Complaint against eBay, Inc. ("eBay") and Vendio Services, Inc. ("Vendio") (collectively "Defendants") for infringement of U.S. Patent Nos. 7,296,033 ("the '033 patent") and 7,529,692 ("the '692 patent").

## THE PARTIES

1. AAC is a corporation organized and existing under the laws of Delaware having an address at 900 Walt Whitman Road, Melville, New York 11747.

2. AAC is a corporation organized and existing under the laws of Delaware having an address at 900 Walt Whitman Road, Melville, New York 11747.

3. Defendant eBay is a Delaware corporation with its principal place of business at 2065 Hamilton Avenue, San Jose, California 95125.  eBay may be served with process through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

4. Defendant Vendio is a Delaware corporation with its principal place of business at 1510 Fashion Island Boulevard, Suite 100, San Mateo, California 94404.  Vendio may be served with process through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

5. Vendio is a subsidiary of Alibaba.com, a global leader in e-commerce and the flagship company of the Alibaba Group.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under Title 35 of the United States Code.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq.*

8. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and/or are deemed to reside in this district.

9. This Court has personal jurisdiction over eBay and venue is proper in this district because eBay has committed acts of infringement in the State of California, including in this district, and has engaged in continuous and systematic activities in the State of California, including in this district.

10. Pursuant to Civil L.R. 3-2(c), assignment to any Division of this District is proper.

11. This Court has personal jurisdiction over Vendio and venue is proper in this district because Vendio has committed acts of infringement in the State of California, including in this district, and has engaged in continuous and systematic activities in the State of California, including in this district.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 7,296,033)

12. AAC incorporates paragraphs 1 through 9 herein by reference.

13. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq.*

14. The '033 patent is entitled "Method for Promoting Selling of Seller Items on an Online Auction Site." AAC is the exclusive licensee of the '033 patent with all substantial rights in the '033 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '033 patent is attached hereto as Exhibit 1.

15. The '033 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### (Direct Infringement - eBay)

16. eBay has and continues to directly infringe the '033 patent, either individually or jointly, including at least claim 18, via at least its practices with respect to Vendio's Gallery tool.

17. On information and belief, to the extent one or more steps of a claim in the '033 patent is not performed by eBay then it is performed by Vendio under the direction and/or control of eBay.

18. eBay has, thus, directly infringed the '033 patent and is thereby liable for infringement of the '033 patent pursuant to 35 U.S.C. § 271.

### (Indirect Infringement - eBay)

19. Based on the information presently available to AAC, absent discovery, in the alternative to its direct infringement claim against eBay, AAC contends that eBay has and continues to indirectly infringe the '033 patent, including at least claim 18, by inducing Vendio to practice the claimed method(s) via its Gallery.

20. eBay has been on notice of the '033 patent since at least the filing of this action.

21. In 2001, Gerard Lynch, the named inventor on the '033 patent, met with eBay, provided a presentation regarding the technology he had developed, and informed eBay of his

1  pending patent application, which ultimately issued as the '033 patent. As a result, eBay may have
2  been on notice of the '033 patent since November 13, 2007 when it issued.

3      22. Since eBay was on notice of the '033 patent, eBay knowingly induced infringement
4  of the '033 patent, including at least claim 18 of the '033 patent, and possessed specific intent to
5  encourage others' infringement.

6      23. Since eBay was on notice of the '033 patent, eBay knew or should have known that
7  its actions alleged herein would induce actual infringement of the '033 patent, including at least
8  claim 18 of the '033 patent.

9      24. eBay has not produced or relied upon an opinion of counsel related to the '033
10 patent. In accordance with Fed. R. Civ. P. 11(b)(3), AAC will likely have additional evidentiary
11 support after a reasonable opportunity for discovery on this issue.

**(Direct Infringement – Vendio)**

12     25. Vendio has and continues to directly infringe the '033 patent, either individually or
14 jointly, including at least claim 18, via at least its practices with respect to Vendio's Gallery tool.

15     26. On information and belief, to the extent one or more steps of a claim in the '033
16 patent is not performed by Vendio then it is performed by eBay under the direction and/or control
17 of Vendio.

18     27. Vendio has, thus, directly infringed the '033 patent and is thereby liable for
19 infringement of the '033 patent pursuant to 35 U.S.C. § 271.

**(Indirect Infringement – Vendio)**

21     28. Based on the information presently available to AAC, absent discovery, in the
22 alternative to its direct infringement claim against Vendio, AAC contends that Vendio has and
23 continues to indirectly infringe the '033 patent, including at least claim 18, by inducing eBay to
24 practice the claimed method(s) via its practices with respect to the Vendio Gallery.

25     29. Vendio has been on notice of the '033 patent since at least the filing of this action.
26     30. Since Vendio was on notice of the '033 patent, Vendio knowingly induced
27 infringement of the '033 patent, including at least claim 18 of the '033 patent, and possessed
28 specific intent to encourage others' infringement.

31. Since Vendio was on notice of the '033 patent, Vendio knew or should have known that its actions alleged herein would induce actual infringement of the '033 patent, including at least claim 18 of the '033 patent.

32. Vendio has not produced or relied upon an opinion of counsel related to the '033 patent. In accordance with Fed. R. Civ. P. 11(b)(3), AAC will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## COUNT II

## (INFRINGEMENT OF U.S. PATENT NO. 7,529,692)

33. AAC incorporates paragraphs 1 through 30 herein by reference.

34. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq.*

35. The '692 patent is entitled "Method for Presenting Related Items for Auction." AAC is the exclusive licensee of the '692 patent with all substantial rights in the '692 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '692 patent is attached hereto as Exhibit 2.

36. The '692 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### (Direct Infringement - eBay)

37. eBay has and continues to directly infringe the '692 patent, either individually or jointly, including at least claim 1, via at least its practices with respect to Vendio's Gallery tool.

38. On information and belief, to the extent one or more steps of a claim in the '692 patent is not performed by eBay then it is performed by Vendio under the direction and/or control of eBay.

39. eBay has, thus, directly infringed the '692 patent and is thereby liable for infringement of the '692 patent pursuant to 35 U.S.C. § 271.

### (Indirect Infringement - eBay)

40. Based on the information presently available to AAC, absent discovery, in the alternative to its direct infringement claim against eBay, AAC contends that eBay has and

1  continues to indirectly infringe the '692 patent, including at least claim 1, by inducing Vendio to
2  practice the claimed method(s) via its Gallery.

3      41.    eBay has been on notice of the '692 patent since at least the filing of this action.

4      42.    Since eBay was on notice of the '692 patent, eBay knowingly induced infringement
5  of the '692 patent, including at least claim 1 of the '692 patent, and possessed specific intent to
6  encourage others' infringement.

7      43.    Since eBay was on notice of the '692 patent, eBay knew or should have known that
8  its actions alleged herein would induce actual infringement of the '692 patent, including at least
9  claim 1 of the '692 patent.

10     44.    eBay has not produced or relied upon an opinion of counsel related to the '692
11 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), AAC will likely have additional evidentiary
12 support after a reasonable opportunity for discovery on this issue.

### (Direct Infringement – Vendio)

13
14     45.    Vendio has and continues to directly infringe the '692 patent, either individually or
15 jointly, including at least claim 1, via at least its practices with respect to Vendio's Gallery tool.

16     46.    On information and belief, to the extent one or more steps of a claim in the '692
17 patent is not performed by Vendio then it is performed by eBay under the direction and/or control
18 of Vendio.

19     47.    Vendio has, thus, directly infringed the '692 patent and is thereby liable for
20 infringement of the '692 patent pursuant to 35 U.S.C. § 271.

### (Indirect Infringement – Vendio)

22     48.    Based on the information presently available to AAC, absent discovery, in the
23 alternative to its direct infringement claim against Vendio, AAC contends that Vendio has and
24 continues to indirectly infringe the '692 patent, including at least claim 1, by inducing eBay to
25 practice the claimed method(s) via its practices with respect to the Vendio Gallery.

26     49.    Vendio has been on notice of the '692 patent since at least the filing of this action.

50. Since Vendio was on notice of the '692 patent, Vendio knowingly induced infringement of the '692 patent, including at least claim 1 of the '692 patent, and possessed specific intent to encourage others' infringement.

51. Since Vendio was on notice of the '692 patent, Vendio knew or should have known that its actions alleged herein would induce actual infringement of the '692 patent, including at least claim 1 of the '692 patent.

52. Vendio has not produced or relied upon an opinion of counsel related to the '692 patent. In accordance with Fed. R. Civ. P. 11(b)(3), AAC will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**ADDITIONAL ALLEGATIONS PERTAINING TO PATNET INFRINGEMENT CLAIMS**

53. AAC has been damaged as a direct result of Defendants' infringing conduct described herein. Defendants are thus liable to AAC in an amount that adequately compensates AAC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**JURY DEMAND**

AAC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

a) AAC requests that this Court find in its favor and against Defendants, and that this Court grant AAC the following relief:

b) Enter judgment for AAC on this Complaint;

c) Enter judgment that one or more claims of the '033 patent and/or the '692 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

d) Enter judgment that Defendants account for and pay to AAC all damages and costs incurred by AAC because of Defendants' infringing activities and other conduct complain of herein;

1  e) Enter judgment that Defendants account for and pay to AAC a reasonable, on-going, post judgment royalty because of Defendants' infringing activities, including ongoing infringing activities, and other conduct complained of herein;

f) That AAC be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

g) That AAC be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: September 5, 2014             Respectfully submitted,

BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation


By:  _____*/s/W. Paul Schuck*_____
            W. Paul Schuck
         Attorneys for Plaintiff
    AUCTION ACCELERATION CORP.

2428.000/845768.1                                COMPLAINT FOR PATENT INFRINGEMENT